CHARLES H. BOYD, ADMINISTRATOR, APPELLEE, V. ROBERT W. FURNAS, APPELLANT, ET AL.

FILED JUNE 30, 1893.   No. 4685.

1. **Judgments:** REVIVOR: LIMITATIONS: JURISDICTION. *Held,* That the court had jurisdiction of the subject-matters and the parties served.

2. ———: ———: PROOF. That the proof fully sustained the order of the court reviving the judgment.

3. ———: ———: LIMITATIONS. The limitation of one year in which to revive an action on motion does not apply to a proceeding to revive a judgment.

4. ———: ———: ACTION BY ADMINISTRATOR: PARTIES. *Held,* That the action was properly brought in the name of the administrator.

APPEAL from the district court of Lancaster county. Heard below before FIELD, J.

*Charles E. Magoon,* for appellant.

*J. C. Johnston* and *H. H. Blodgett, contra.*

MAXWELL, CH. J.

This proceeding was brought in the district court of Lancaster county to revive a judgment in the district court of that county. The conditional order of revival is as follows:

"And now comes Adelia Boyd, formerly Adelia Frankman, and suggests to the court that the plaintiff Adolphus G. Frankman has died since the judgment was recovered in this action, and that Charles H. Boyd has been appointed administrator of his estate, and that there still remains due and unpaid on said judgment the sum of $579.92, and the sum of $81.52 costs, and interest thereon from September 14, 1889, and the court being fully advised in the premises, on motion of the plaintiff it is ordered that the defendants Robert W. Furnas and Orsamus H. Irish show cause, within twenty days from the service of this order, why judgment for the sum of $579.92 should not be revived against them, the said Robert W. Furnas and Orsamus H. Irish, and in favor of Charles H. Boyd, the administrator of the estate of the deceased, Adolphus G. Frankman."

This order was duly served on the defendant Furnas and he, through his attorney, filed his answer as follows:

"Comes now the defendant Robert W. Furnas, and objects to the revivor of the judgment heretofore rendered herein for the reasons following:

"1. The court has no jurisdiction of the subject-matter.

"2. The relief asked in the application herein is contrary to the law.

"3. There is no authority in law for granting the application herein.

"4. That said application was not made within the time fixed by law.

"5. That the said Boyd has no right to the relief prayed for in said application, and has not the right in law to make said application.

"6. That said A. G. Frankman on the 1st day of April, 1875, assigned said judgment to one A. N. Goldwood, and that said Frankman was not the owner of said judgment at the time of his death."

On the hearing the court made the following order:

"This cause having been heretofore, on a former day of this term of court, to-wit, December 20, 1890, submitted to the court upon the motion of Charles H. Boyd, administrator of the estate of the said Adolphus G. Frankman, now deceased, to revive the judgment heretofore entered in this court in the above entitled cause, in favor of the said plaintiff and against the said defendants, which judgment has become dormant by lapse of time, and because of the death of the said plaintiff, and it appearing to the court that the order heretofore entered herein commanding the said defendants to show cause, if any there be, why said judgment should not stand revived has been duly served upon the defendant Robert W. Furnas, and that no sufficient cause has been shown by him why said judgment should not be revived, the court doth sustain said motion.

"It is therefore considered and adjudged by the court that the judgment entered herein on the 21st day of April, A. D. 1875, for the sum of $237.52, with interest on said sum from the said 21st day of April, 1875, at the rate of ten per cent per annum until paid, and costs of suit, taxed at $45.98, be, and the same hereby is, revived in the name of the said Charles H. Boyd, administrator of the estate of Adolphus G. Frankman, deceased, together with the costs of increase, taxed at $46.39, and the costs in this behalf expended, taxed at $10.30, and for all of which sums execution is hereby awarded."

The errors assigned are the same as in the answer.

It will be observed that the answer is exceedingly vague

and indefinite. Take the first assignment, that "the court has no jurisdiction of the subject-matter." It is not denied that the court has authority to revive a judgment which by lapse of time has become dormant. Such power is clearly conferred by statute and has been exercised by the courts wherever the facts justified the revival. (*Eaton v. Hasty*, 6 Neb., 419; *Gillette v. Morrison*, 7 Id., 263; *Hunter v. Leahy*, 18 Id., 80; *Dennis v. Omaha National Bank*, 19 Id., 675; *Garrison v. C. Aultman & Co.*, 20 Id., 311; *Creighton v. Gorum*, 23 Id., 502.) In the case last cited a judgment was recovered in the county court, a transcript thereof filed in the district court, on which an execution was issued and returned unsatisfied. No other proceedings were had for more than nine years, when steps were taken to revive the judgment, and it was held that the plaintiff was entitled to an order of revivor. The court therefore had jurisdiction of the subject-matter and the first objection is overruled.

The second, third, and fourth assignments may be considered together. In substance they allege a want of authority to grant the relief sought. As stated in the first proposition, such authority does exist.

The fifth assignment, that Boyd has no right to relief prayed for, fails to assign any reason which would bar the right. The answer does not deny that he is administrator of Frankman's estate, and even if it did, the proof tends to show that he is such administrator and is entitled to have the judgment revived.

The testimony tends to show that in 1875 Frankman assigned the judgment to Goldwood as security; that Frankman was appointed subagent of Goldwood for the sale of sewing machines, and being unable to give a bond, he assigned $200 of the judgment in lieu thereof for the faithful performance of his duty; that he faithfully performed his duty and therefore the assignment did not become absolute. Goldwood is not here complaining nor claiming any

rights in the premises, and in our view the proof is suffi-cient to entitle the plaintiff to recover.

Some objection is made to the form of the action, in effect that the action is brought in the name of the estate and not the administrator. It does appear that the action is brought by Boyd as administrator of the estate of Frank-man, and that he is such administrator. There is no merit in the defense and the judgment is

AFFIRMED.

THE other judges concur.